1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    OLEKSANDR KASIANOV,                         No.  2:22-cv-2324 CKD P

12                    Petitioner,

13            v.

14    WARDEN GAMNOA,                               ORDER

15                    Respondent.

16

17            Petitioner is proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2254.

18    Respondent filed an answer on June 27, 2023, and petitioner filed a traverse on December 29,

19    2023.   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20    636(b)(1) and both parties have consented to have all matters in this action before a United States

21    Magistrate Judge.  See 28 U.S.C. § 636(c), ECF No. 17.

22            Following a jury trial in the Superior Court of Sacramento County, petitioner was found

23    guilty of four crimes committed against his wife: 1) attempted kidnapping; 2) misdemeanor

24    battery; 3) assault with intent to commit oral copulation; and 4) false imprisonment.  On April 13,

25    2018, petitioner was sentenced to an aggregate term of six years and ten months in prison.  ECF

26    No. 19-2 at 49.  Petitioner appealed.

27            The Court of Appeal affirmed petitioner's convictions, but remanded for resentencing.

28    ECF No. 19-8.  Resentencing occurred on November 15, 2019.  ECF No. 19-11 at 31.  Petitioner

was sentenced to the same aggregate term of imprisonment. <u>Id</u>. Petitioner appealed that decision. As a result of the appeal, the Court of Appeal ordered certain changes to the abstract of judgment, but not to the length of petitioner's sentence. ECF No. 19-15.

Here, petitioner presents four claims for relief. For the reasons which follow, the petition for writ of habeas corpus will be denied.

I. <u>Background</u>

With respect to petitioner's first appeal, the California Court of Appeal summarized the evidence presented at trial and other relevant facts as follows:

> The case against defendant went to trial in March 2018. Wife disclaimed any memory of much of what she had previously told authorities, and her account of the relevant events had changed. She conceded she did not want to testify against defendant and had tried several times to have the case dismissed. Her two recorded statements to law enforcement were played for the jury, as was her 911 call.
>
> Largely through wife's prior statements, the People presented evidence that she was married to defendant but had moved out of their apartment and told him their marriage was over. Defendant told her she could come retrieve her belongings from their apartment and that no one would be there. Wife went to the apartment, but defendant arrived shortly after her arrival. They talked for approximately 10 to 15 minutes, and defendant became increasingly upset.
>
> Wife saw defendant was hiding something behind his back in a Home Depot bag. He took out a roll of duct tape, grabbed her, and wrapped it around her head, covering her mouth. He tried unsuccessfully to wrap her wrists and then took down her pants and panties to her ankles. He told her that he missed her and wanted to be with her, and forcibly kissed her and grabbed her inner thigh. He indicated he wanted to kiss her vagina. She struggled against him, and a short time later, he appeared to realize what he was doing was wrong and said as much. He removed the tape from her mouth, but nearly two feet of tape remained stuck in her hair. Defendant apologized and said they should go take a bath together to calm down. He pushed his wife into the bathroom and blocked the entrance. He started running the bath and was taking off his clothes when his wife pulled up her pants and ran from the bathroom. She begged defendant to let her go, and he eventually agreed.
>
> At trial wife denied defendant had ever been physical with her, but she had told the police that defendant had engaged in a similar incident about a year before when he had grabbed her, pulled her to the floor, poured water on her face, and hit her. In a recorded call from the jail, defendant pressured wife to say that they were role-playing and that he was acting lovingly. Wife consistently refused,

2

1    stating multiple times that she had told authorities the truth and would not lie.

2

3    The People presented an expert regarding intimate partner battering, who explained the cycle of abuse, that 40 to 60 percent of victims stay in the abusive relationship, and that 60 percent fail to cooperate with law enforcement prosecutions of the abuser.

4

5    Defendant testified on his own behalf that on the day in question, he came to the apartment with his lunch box, but no duct tape. They discussed divorcing, but wife did not want to. She started throwing things at him, hitting him approximately 10 times. Wife complained that defendant did not love her anymore and that no one would want her because of her age. Wife had the duct tape for wrapping, and it became lodged in her hair as she was upset and gesturing. They tried unsuccessfully to remove the tape. He tried to escape their fight by going to the bathroom, but she followed him. He took off his shirt, and she started to undress as well, taking off her pants. Defendant told her he wanted to shower alone, and she became angry. When he went to leave, she beat him to it and left first. Wife's statement to authorities that he had wanted to perform oral sex on her was disrespectful of him in their (Ukrainian) culture. Defendant denied that he had previously pushed wife to the ground and poured water on her. He explained he had sprinkled water on her face in the shower in response to her doing the same to him.

6

7

8

9

10

11

12

13

14   ECF No. 19-8 at 2-4.

15   II.  Standards of Review Applicable to Habeas Corpus Claims

16        An application for a writ of habeas corpus by a person in custody under a judgment of a

17   state court can be granted only for violations of the Constitution or laws of the United States. 28

18   U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the

19   interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v.

20   McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.2d 1146, 1149 (9th Cir. 2000).

21        Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal

22   habeas corpus relief:

23        An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

24

25

26        (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;

27

        or

28

3

1

2
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

4
The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as

5
the Supreme Court has explained:

6

7

8

9

10

11
A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

12
Bell v. Cone, 535 U.S. 685, 694 (2002).

13
"A state court's determination that a claim lacks merit precludes federal habeas relief so

14
long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

15
Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652,

16
664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a

17
state prisoner must show that the state court's ruling on the claim being presented in federal court

18
was so lacking in justification that there was an error well understood and comprehended in

19
existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

20
The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the

21
state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter,

22
562 U.S. at 98).

23
The court looks to the last reasoned state court decision as the basis for the state court

24
judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). Here, the last reasoned decision

25
was issued by the California Court of Appeal. ECF No. 21-12.

26
/////

27
/////

28
/////

4

1    III.   Claims and Analysis

2           A.   Prior Bad Acts (Claims 1 and 4)

3                 In claims 1 and 4, petitioner complains about admission of information concerning the act

4    of violence perpetrated by petitioner against his wife a year before the incidents at issue.  The

5    same claim was raised before the California Court of Appeal in petitioner's first appeal and the

6    Court of Appeal is the only court to issue a reasoned decision as to the claim.  The Court of

7    Appeal addressed the claim as follows:

8                        Defendant argues the admission of his prior uncharged domestic
                         violence under Evidence Code section 1109 was unconstitutional on
9                        its face.  While conceding that previous courts have upheld the facial
                         constitutionality of that code section (see, e.g., *People v. Johnson*
10                       (2000) 77 Cal.App.4th 410, 412), he argues those cases were
                         wrongly decided and that admission of his prior act against wife
11                       violated his state and federal rights to due process by allowing the
                         admission of propensity evidence, which in turn reduced the
12                       prosecution's burden of proof. We see no reason to revisit the well-
                         established law concluding this section is constitutional. (*Johnson*, at
13                       p. 412; *People v. Jennings* (2000) 81 Cal.App.4th 1301, 1310 ["the
                         constitutionality of section 1109 under the due process clauses of the
14                       federal and state constitutions has now been settled"].)  Defendant's
                         first claim fails.
15

16   ECF No.  19-8 at 5.

17                The Supreme Court has not ruled as to the constitutionality as to California Evidence

18   Code Section 1109.  As the Ninth Circuit Court of Appeal has noted, the United States Supreme

19   Court "has never expressly held that it violates due process to admit other crimes evidence for the

20   purpose of showing conduct in conformity therewith."  Alberni v. McDaniel, 458 F.3d 860, 863

21   (9th Cir. 2006) (citation and internal quotation marks omitted).  The Supreme Court has expressly

22   left open this question.  Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991).  Because the California

23   Court of Appeals decision concerning claims 1 and 4 is not (1) contrary to, nor does it involve an

24   unreasonable application of, clearly established federal law, as determined by the Supreme Court

25   of the United States; nor is it (2) based on an unreasonable determination of the facts, relief is not

26   available based as to those claims.

27   /////

28   /////

5

1        B.  <u>Consecutive Sentencing (Claim 2)</u>

2            In claim 2, petitioner argues that the trial court's ordering his 10-month sentence for

3    attempted kidnapping be served consecutively to the other concurrent sentences violates certain

4    aspects of California law.  As indicated above, only a violation of federal law can provide a basis

5    for habeas corpus relief.  As petitioner does not assert a violation of federal law in his second

6    claim, and such a violation is not clear from the record, petitioner's second claim must be

7    rejected.

8        C.  <u>Ineffective Assistance of Counsel</u>

9            In claim 3, petitioner asserts that his trial and appellate counsel rendered ineffective

10   assistance of counsel in violation of the Sixth Amendment because "many legal arguments should

11   [have] been raised, but were not."  ECF No. 1 at 8.  Petitioner does not elaborate.

12           The exhaustion of state court remedies is a prerequisite to the granting of a petition for

13   writ of habeas corpus.  28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement

14   by providing the highest state court with a full and fair opportunity to consider all claims before

15   presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971).  Petitioner did

16   not present this ineffective assistance of counsel claim to the California Supreme Court.  In any

17   case, a claim can be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §

18   2254(b)(2).  Petitioner's claim of ineffective assistance of counsel fails because it is conclusory.

19   IV.  <u>Conclusion</u>

20           In accordance with the above, IT IS HEREBY ORDERED that:

21           1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) is DENIED; and

22           2. This case is closed.

23   Dated:  August 27, 2025

24                                              _____
                                                CAROLYN K. DELANEY
25                                              UNITED STATES MAGISTRATE JUDGE

26

27   1
     hall2324.157

28

                                                6